[Cite as *State ex rel. Levandowski v. Indus. Comm.*, 2017-Ohio-1171.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Richard J. Levandowski, | : | |
| Relator, | : | |
| v. | : | No. 16AP-231 |
| Industrial Commission of Ohio and FirstEnergy Corp., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 30, 2017

**On brief:** *Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneibert,* and *C. Bradley Howenstein,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Lisa R. Miller,* for respondent Industrial Commission of Ohio

**On brief:** *Roetzel & Andress, LPA, Robert E. Blackham,* and *Nathan Pangrace,* for respondent FirstEnergy Corp.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator Richard J. Levandowski initiated this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for temporary total disability ("TTD") compensation and to enter an order finding that he is entitled to that compensation.

{¶ 2}   This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate determined that Levandowski has not demonstrated that the commission abused its discretion in denying his application for TTD compensation.  The magistrate also determined that the commission stated the evidence on which it relied, in compliance with *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481 (1983) and *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).  Thus, the magistrate recommends this court deny Levandowski's request for a writ of mandamus.

{¶ 3}   Levandowski has filed objections to the magistrate's decision.  First, Levandowski argues the magistrate erred in not finding that the commission's decision denying his request for TTD compensation violated *Mitchell* because the commission failed to state the evidentiary basis for its decision.  He claims the commission's decision is unclear as to whether it relied on the reports of Donald J. Tosi, Ph.D., in denying his request for TTD compensation.  Second, Levandowski argues the magistrate erred in not finding that the commission abused its discretion in denying his request for TTD compensation.  In support of this objection, Levandowski asserts the magistrate did not properly consider the fact that Dr. Tosi agreed with the finding of James M. Medling, Ph.D., that at least part of Levandowski's depression was caused by the allowed low back condition in his claim.  Dr. Medling opined that Levandowski's allowed psychological condition rendered him temporarily and totally disabled.  Levandowski reasons that the evidence, including Dr. Tosi's reports, proved that his disability resulted from his employment injury.

{¶ 4}   Levandowski's objections to the magistrate's decision essentially set forth the same arguments that the magistrate considered and sufficiently addressed.  We agree with the magistrate's thorough analysis of the pertinent issues in this action.  As the magistrate explained, the commission complied with the requirement in *Mitchell* and *Noll* that the commission indicates the evidence it relied on in reaching its decision.  The commission's decision denying TTD compensation not only indicates that the denial was based on Dr. Tosi's reports, but it details the portions of those reports on which the commission relied.  Additionally, the commission's decision to deny the requested TTD

compensation was not an abuse of discretion because Dr. Tosi's reports constituted some evidence in support of the decision. While Dr. Tosi acknowledged Levandowski's allowed condition of major depressive disorder, he opined that non-work-related factors contributed significantly to the severity of his depression, and that there was an absence of convincing evidence that Levandowski had been temporarily and totally disabled as a result of the allowed psychological condition. Thus, Dr. Tosi's reports supported the commission's denial of Levandowski's request for TTD compensation. For these reasons, and the reasons set forth in the magistrate's decision, we find that Levandowski's objections lack merit.

{¶ 5} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Levandowski is not entitled to the requested writ of mandamus. The magistrate properly applied the pertinent law to the salient facts. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. We therefore overrule Levandowski's objections to the magistrate's decision and deny his request for a writ of mandamus.

*Objections overruled;*
*writ of mandamus denied.*

TYACK, P.J., and BROWN, J., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Richard J. Levandowski, | : | |
| Relator, | : | |
| v. | : | No. 16AP-231 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| FirstEnergy Corp., | : | |
| Respondents. | : | |

MAGISTRATE'S DECISION

Rendered on October 25, 2016

*Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneibert,* and *C. Bradley Howenstein,* for relator.

*Michael DeWine,* Attorney General, and *Lisa R. Miller,* for respondent Industrial Commission of Ohio.

*Roetzel & Andress, LPA, Robert E. Blackham,* and *Nathan Pangrace,* for respondent FirstEnergy Corp.

IN MANDAMUS

{¶ 6} Relator, Richard J. Levandowski, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied his application for temporary total disability ("TTD") compensation, and ordering the commission to find that he is entitled to that compensation.

Findings of Fact:

{¶ 7}   1. Relator sustained a work-related injury on September 14, 1999 and his workers' compensation claim has been allowed for the following conditions:  "sprain of sacrum; L4 herniated nucleus pulposus; right foraminal stenosis; major depressive disorder."

{¶ 8}   2. Relator received a period of TTD compensation for the allowed physical conditions in his claim.  Those payments were "terminated in May, 2001, when Dr. Michael Harris, the Injured Worker's treating physician, stated that the Injured Worker had reached maximum medical improvement" ("MMI").

{¶ 9}   3. Relator later sought an additional award of TTD compensation for the period of February 25 through November 24, 2008 based on the allowed physical conditions.

{¶ 10} 4. Following a hearing before a staff hearing officer ("SHO") on January 13, 2009, relator's request for that compensation was denied based on a finding that there was insufficient evidence to establish new and changed circumstances that would render him temporarily and totally disabled.

{¶ 11} 5. On December 4, 2009, relator filed a C-86 motion seeking an award of TTD compensation from "December 29, 2008 through estimated return to work date of January 1, 2010 and to continue."  Relator's request was based on the allowed psychological condition of major depressive disorder.  Relator submitted the September 22, 2009 C-84 of James M. Medling, Ph.D., who opined that relator's allowed psychological condition rendered him temporarily unable to return to his former position of employment for that time period.

{¶ 12} 6. An independent psychological evaluation was performed by Donald J. Tosi, Ph.D., on January 28, 2010.  In his report, Dr. Tosi identified the medical records which he reviewed and noted that relator had experienced other unrelated life stressors which, in his opinion, accounted for a significant portion of relator's depressed mood. Those life stressors included the death of his father in 2002, a non-compensated hospitalization in 2007, loss of insurance in 2007, the death of a close friend in 2007, and marital and family stress in 2007.

{¶ 13} Dr. Tosi administered the Millon Clinical Multiaxial Inventory-III ("MCMI-III") and concluded that relator's test results indicated a " 'fake bad' response * * * in which Mr. Levandowski exaggerated problems."  Dr. Tosi concluded that relator's "unrelated life stressors account for the significant portion of his depressed mood" even though "[t]o some extent, the Injured Worker's depression is secondary to pain."  Dr. Tosi concluded:

> There is no convincing evidence that this Injured Worker has been temporarily and totally disabled from 12/29/08 to 1/1/10 specific to Major Depressive Disorder. * * * His depressed mood is mild and chronic at best and does not interfere with activities of daily living, cognitive or social function. There are indications that this Injured Worker may suffer from an unrelated Bipolar Disorder.

{¶ 14} 7. Dr. Medling authored a letter dated March 15, 2010 in response to the opinions contained in Dr. Tosi's January 28, 2010 report.  Dr. Medling first indicated that relator's employer, FirstEnergy Corp., originally appealed Dr. Medling's request for treatment submitted on December 29, 2008.  As a result, Dr. Medling noted that he had only been treating relator since December 11, 2009.  Dr. Medling further indicated that relator's unrelated life stresses were a direct result of his work injury.  Dr. Medling opined that, although relator's response style on the MCMI-III test suggests a moderate tendency toward self-deprecation and a consequent exaggeration of current emotional problems, that the test was nevertheless valid.  He concluded:

> Based upon my 5 hours of contact with Mr. Levandowski, in addition to psychological testing and his response to statements contained in Dr. Tosi's report, it is my opinion within a reasonable degree of psychological certainty, that his complaints of Major Depression are a direct and proximate result of his 09/4/09 work injury. It is also my opinion that his complaints of Major Depression are of at least high moderate levels of severity and preclude his work in any capacity.
>
> It is also my opinion that Mr. Levandowski is temporarily and totally disabled based upon his complaints of Major Depression, as allowed in the claim. He has not reached a state of MMI for his complaints of major depression. He continues to require ongoing psychological counseling and

psychiatric medication management visits. Finally, at his most recent visit, he informed me that he was unable to obtain prescription psychotropics, written by Dr. Sylvester Smarty, at his pharmacy. Mr. Levandowski cannot be expected to improve if he cannot obtain authorized treatment and medications.

{¶ 15} 8. Dr. Tosi prepared an addendum dated March 29, 2010. It was Dr. Tosi's opinion that Dr. Medling ignored the magnitude of unrelated stressors as well as relator's underlying psychological profile, and indicated that Dr. Medling's report did not cause him to change his mind, stating:

I reviewed Dr. Medling's reactions to my 1/28/10 exam. I found it interesting that what the Injured Worker told Dr. Medling regarding activities of daily living and social functioning doesn't contradict, overall, what the Injured Worker told me. However, I sense a significant exaggeration. As well, Dr. Medling basically ignores the magnitude of unrelated factors (non-compensated hospitalizations, marital stress, death of father, loss of insurance, death of close friends). As well, the results of psychological testing (MCMI-III) performed by Dr. Medling indicate a set of underlying/unrelated personality traits reflecting anger, dependency, insecurity, self-doubt, and chronic depression. These personality proclivities suggest this Injured Worker would have chronic depression even in the absence of any injury. Quite frankly, my examination supports this. I understand Dr. Medling advocates for this Injured Worker. However, I have no reason to change my original opinion.

{¶ 16} 9. Dr. Medling authored another report dated May 11, 2010 wherein he reviewed and discussed relator's psychological records dating back to 2007. Dr. Medling opined that relator's "Major Depression remains severe, not mild, in nature and impacts his areas of functioning to a high moderate, if not marked degree" and that his "use of antidepressant's [sic] beginning in 2000, his marital stress, loss of health insurance coverage, the death of a close friend and prior hospitalizations/treatment with other psychiatric and psychological providers are directly related to his work injury."

{¶ 17} 10. Relator's request for TTD compensation was heard before a district hearing officer ("DHO") on April 7, 2010. The DHO denied the request for compensation based on Dr. Tosi's January 28 and March 29, 2010 reports, stating:

The District Hearing Officer finds that the Injured Worker has not met his burden of proving that he was, and remains, temporarily and totally disabled as a direct and proximate result of the allowed conditions in this claim.

This order is based on the reports of Dr. Tosi, dated 01/28/2010 and 03/29/2010. In his earlier report, Dr. Tosi explains that Injured Worker has numerous "unrelated life stressors" which account for a "significant portion" of his depressed mood. While admitting that "to some extent" Injured Worker's depression is secondary to pain, there is insufficient evidence that he has been temporarily totally disabled as a result of the allowed psychological condition.

Dr. Tosi opines that Injured Worker's depressed mood is "mild and chronic at best and does not interfere with activities of daily living, cognitive or social functioning." Finally, in his 03/29/2010 rebuttal to Dr. Medling, Dr. Tosi states that Dr. Medling "basically ignores the magnitude of unrelated factors" in Injured Worker's life.

{¶ 18} 11. Relator appealed and the matter was heard before an SHO on May 18, 2010. The SHO affirmed the prior DHO order based on the reports of Dr. Tosi, stating:

Temporary total disability compensation is denied from 12/29/2008 through 04/07/2010.

This is based on this Hearing Officer's finding that the reports of Dr. Tosi, dated 01/28/2010 and 03/29/2010. In his earlier report, Dr. Tosi explains that Injured Worker has numerous "unrelated life stressors" which account for a "significant portion" of his depressed mood. While admitting that "to some extent" Injured [W]orker's depression is secondary to pain, there is insufficient evidence that he has been temporarily and totally disabled as a result of the allowed psychological condition.

The Employer noted the Lakewood Hospital records of October 2007 which state the Injured Worker is suffering from depression due to the death of a close friend. The Employer further argued that Dr. Tosi opines that Injured Worker's depressed mood is "mild and chronic at best and does not interfere with activities of daily living, cognitive or social functioning."

> The Injured Worker argued the 05/11/2010 rebuttal report of Dr. Medling which addressed the concerns of the District Hearing Officer. This opinion is not found persuasive based upon the above noted evidence.
>
> Thus, the Injured Worker has failed to meet their burden of proof by a preponderance of the evidence that the requested temporary total disability is related to the above allowed injury, and the request is denied.
>
> The Hearing Officer has reviewed and considered all of the relevant evidence prior to rendering this decision.

{¶ 19} 12. Relator's appeal was refused by order of the commission mailed June 11, 2010.

{¶ 20} 13. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 21} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 22} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the

weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 24} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 25} Relator argues that the commission's decision denying his request for TTD compensation fails to state what evidence was relied on in violation of *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481 (1983) and *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991). Relator argues that the SHO did nothing more than indicate reliance on the reports of Dr. Tosi dated January 28 and March 29, 2010.

{¶ 26} The magistrate disagrees with relator's characterization of the substance of the SHO's order. After indicating that the denial of TTD compensation was based on the reports of Dr. Tosi, the SHO went on to indicate that Dr. Tosi identified numerous unrelated life stressors which, in Dr. Tosi's opinion, accounted for a significant portion of relator's depressed mood. The SHO further noted that, Dr. Tosi did admit that, to some extent, relator's depression was secondary to pain. Dr. Tosi also indicated that relator's allowed condition was mild and chronic at best, did not interfere with activities of daily living, cognitive or social functioning, and there was insufficient evidence he had been temporarily and totally disabled as a result of the allowed psychological condition.

{¶ 27} As above indicated, the commission did more than just identify Dr. Tosi's reports; the commission discussed the relevant portions of those reports on which the commission relied. As such, relator's first argument is found not persuasive.

{¶ 28} Relator next argues that the commission abused its discretion when it acknowledged Dr. Tosi's opinion that to some extent, relator's depression was secondary to pain, and yet finding that there was insufficient evidence that the requested disability

was related to the allowed condition in the claim. Because Dr. Tosi indicated that there was a causal connection between the work-related injury and relator's depression, the logical conclusion is that the allowed condition is causing the period of temporary total disability.

{¶ 29} For the reasons that follow, the magistrate disagrees with relator's characterization of Dr. Tosi's report. As Dr. Tosi and the commission acknowledged, relator's claim is allowed for major depressive disorder. Dr. Tosi opined that, in addition to the work-related injury, there were numerous other factors which contributed to the severity of relator's depression and that, his work-related injury accounted for only a mild and chronic level of depression which did not interfere with activities of daily living, cognitive or social functioning. Although Dr. Medling opined that these other "unrelated life stressors" were actually related to the work-related injury, the commission was not required to accept his opinion. (Certainly, the deaths of his father and close friend were not related to his work injury.) Although relator argues that if this court agrees with the commission in this regard, this court should also find that the depression resulting from the work-related injury combined with the depression caused by the other unrelated life stressors combine to render him temporarily and totally disabled. Relator argues that there is dual causation here.

{¶ 30} A review of the medical records and the commission's order indicates that there are many factors at play which have contributed to relator's major depressive disorder. Relator does not deny this. While Dr. Medling opines that these other stressors are related to the work-related injury, Dr. Tosi disagreed and the commission found his opinion to be persuasive.

{¶ 31} Pursuant to *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993), non-allowed conditions can neither advance nor defeat an award of compensation. While this situation does not present non-allowed conditions, it does involve multiple factors impacting the severity of relator's depressive disorder and a similar analysis is helpful. Here, Dr. Tosi opined that, to the extent that relator's work-related injury caused him to suffer a major depressive disorder, the work-related injury only accounted for a small portion of any problems relator was having as a result. Dr. Tosi indicated that the other numerous unrelated life stressors caused the majority of

problems relator was having which could be attributed to a major depressive condition. It was not inappropriate for the commission to find that the effect of relator's work-related injury on his depressive disorder was mild and did not render him temporarily and totally disabled.

{¶ 32} Relator cites this court's decision in *State ex rel. Webb v. Indus. Comm.*, 76 Ohio App.3d 701 (10th Dist.1991), wherein this court discussed the theory of dual causation in considering whether a knee injury sustained by a claimant while playing touch football could be compensable under the workers' compensation system if the weakened condition of the knee from a prior work-related injury was a substantial factor in causing the football injury. One physician had opined that, but for the fact that the industrial injury weakened claimant's knee, the claimant would not have suffered the injury he sustained playing touch football.

{¶ 33} In the present case, Dr. Tosi never said that the depressive disorder arising from the work-related injury was a "substantial factor" causing the problems relator was currently experiencing. Instead, Dr. Tosi opined that the effect was mild and chronic at best and did not interfere with activities of daily living, cognitive or social functioning. This court's decision in *Webb* cannot be applied here because the commission relied on evidence that the effect of the allowed condition was mild at best.

{¶ 34} At oral argument, relator's counsel argued that Dr. Tosi's report was inconsistent and equivocal because Dr. Tosi stated that his depressive disorder was both moderate and also mild. After reading Dr. Tosi's report several times, the only reference to his condition being moderate is found on page seven of the report wherein Dr. Tosi stated: "Mr. Levandowski reports moderate levels of depression that may be of clinical significance." As such, Dr. Tosi's report is neither inconsistent nor equivocal.

{¶ 35} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in finding that the evidence does not support a finding that he was temporarily and totally disabled due to the allowed psychological condition in his claim, and this court should deny relator's request for a writ of mandamus.

                                              /S/ MAGISTRATE
                                              STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).