[Cite as *State ex rel. Rodgers v. Indus. Comm.*, 2024-Ohio-223.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Constance Rodgers,      :

         Relator,      :

v.      :      No. 22AP-759

[Industrial Commission of Ohio et al.],      :      (REGULAR CALENDAR)

         Respondents.      :

D E C I S I O N

Rendered on January 23, 2024

**On brief:** *Schiavoni, Schiavoni, Bush, & Muldowney,* and *Shawn R. Muldowney*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

**On brief:** *Manchester*, *Newman & Bennett*, and *Edward L. Lavelle*, for respondent NAO Lordstown-Assembly.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} Relator, Constance Rodgers, seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission") to amend its order denying temporary total disability ("TTD") compensation, and to issue a new order finding relator is entitled to such compensation. In the alternative, relator asks for the matter to be remanded to the commission for further proceedings.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that the commission did not abuse its discretion when it

found that relator was not entitled to TTD compensation. Accordingly, the magistrate recommended this court deny relator's request for a writ of mandamus.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator failed to demonstrate she was entitled to a writ of mandamus. In accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Writ of mandamus denied.*

JAMISON and EDELSTEIN, JJ., concur.

———————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Constance Rodgers,                    :

      Relator,                    :

v.                    :                    No.  22AP-759

[Industrial Commission of Ohio et al.],                    :                    (REGULAR CALENDAR)

      Respondents.                    :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 11, 2023

---

*Schiavoni, Schiavoni, Bush, & Muldowney*, and *Shawn R. Muldowney*, for relator.

*Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

*Manchester, Newman & Bennett*, and *Edward L. Lavelle*, for respondent NAO Lordstown-Assembly.

---

IN MANDAMUS

{¶ 5}   Relator, Constance Rodgers, seeks a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to amend its order denying temporary total disability ("TTD") compensation and to issue a new order finding relator is entitled to such compensation. In the alternative, relator asks for the matter to be remanded to the commission for further proceedings.

**I. Findings of Fact**

{¶ 6}   1. Relator suffered an injury on August 9, 2006 in the course of and arising out of her employment with respondent NAO Lordstown-Assembly ("employer"). Relator

was securing a bolt with a power tool when it jerked and caused right shoulder pain. Relator's claim was allowed for the conditions of right shoulder sprain/strain, degenerative joint disease right shoulder, and impingement syndrome right shoulder. Since the original injury, relator had successive surgical interventions on her right shoulder on March 10, 2009, January 19, 2010, July 18, 2011, and November 7, 2018, the last of which being a reverse total right shoulder arthroplasty. At some point following the industrial injury, relator began receiving TTD compensation due to the above allowed physical conditions.

{¶ 7} 2. A commission staff hearing officer ("SHO") found in an order mailed on April 1, 2020 that the then-allowed physical conditions in the claim had reached maximum medical improvement ("MMI"). The SHO terminated relator's TTD compensation effective February 13, 2020.

{¶ 8} 3. Michael Potesta, M.D., performed an initial psychiatric examination of relator on June 23, 2020 in order to determine whether relator had developed a psychological condition as a result of her August 9, 2006 industrial injury. Dr. Potesta concluded that relator "suffers from F32.9 Unspecified Depressive Disorder, which is due to the allowed physical conditions, subsequent pain and limitations that resulted from the 08/06/2006 work injury. [Relator] was a fully productive, working individual prior to the injury dated 08/06/2006. She denied any history of mental health treatment." (Sic passim.) (Stip. at 60.)

{¶ 9} 4. In a C-86 motion signed on July 9, 2020, relator requested that her claim be additionally recognized for the condition of unspecified depressive disorder.

{¶ 10} 5. At the request of the employer, Joel S. Steinberg, M.D., performed a psychiatric evaluation of relator on August 28, 2020. Dr. Steinberg opined in an August 31, 2020 report that relator met the criteria for unspecified depressive disorder. Having found relator met the criteria for unspecified depressive disorder, Dr. Steinberg stated the following with regard to whether this psychological condition was caused by the allowed conditions in the claim: "As far as can be told from the information available to me, the disappointment about the results following the total shoulder replacement appears to be a significant one of the causes. I am not aware of any other significant issue that might be additionally causative at this point in time." (Stip. at 53.)

{¶ 11} 6. In an order mailed on September 25, 2020, commission district hearing officer ("DHO") granted relator's July 9, 2020 C-86 motion and recognized the additional condition of unspecified depressive disorder based on the reports of Drs. Potesta and Steinberg.

{¶ 12} 7. On November 30, 2020, Jessica N. Szenborn, LPCC, LICDC, performed an initial psychological evaluation of relator for the purpose of recommending counseling services and developing a treatment plan.

{¶ 13} 8. In a MEDCO-14 physician's report of work ability ("MEDCO-14") form dated November 30, 2020, Dr. Potesta found that beginning on June 23, 2020, relator's allowed condition of "major depressive disorder, single episode, unspecified" rendered relator temporarily unable to do the job held on the date of the injury. (Stip. at 10.) Thereafter, Dr. Potesta filed a series of MEDCO-14 forms further extending relator's return to work date. In a MEDCO-14 dated April 28, 2021, Dr. Potesta estimated that relator should be able to return to the job held on the date of the injury beginning on July 28, 2021.

{¶ 14} 9. Relator filed C-84 requests for TTD compensation on December 28, 2020 and January 7, 2021. In the January 7, 2021 C-84 request, relator stated that she began receiving social security retirement benefits on March 1, 2020. Relator stated the last time she was employed was on April 16, 2018 and that the reason for ending such employment was due to "[t]his [i]njury." (Stip. at 29.) On January 12, 2021, relator filed a C-86 motion requesting TTD compensation from June 23, 2020 to the present and continuing based in part on the January 7, 2021 C-84 and the November 30, 2020 MEDCO-14 of Dr. Potesta.

{¶ 15} 10. At the request of the employer, Donald J. Tosi, Ph.D., performed a psychological evaluation of relator on February 18, 2021. In answering whether as a direct and proximate result of the allowed psychological condition that relator is temporarily and totally disabled, Dr. Tosi stated:

> [Relator's] claim is allowed for Unspecified Depressive Disorder. She is approximately 15 years post-injury. [Relator] returned to work post-injury up until April of 2018. She has been under psychological/psychiatric treatment since September of 2020.
>
> Recall, [relator] underwent open heart surgery in 2020 (unrelated). I found no evidence [relator] would have been disabled due to the allowed psychological condition prior to 2020 due to injury-related factors. As well, unrelated life

stressors and medical conditions would have factored into her depressive symptoms * * * .

In my opinion, [relator] is not temporarily/totally disabled specific to any psychological effects of this 2005 [sic] injury.

(Stip. at 25-26.)

{¶ 16} 11. On March 8, 2021, a commission DHO conducted a hearing on relator's January 12, 2021 C-86 requesting TTD compensation. In an order mailed March 10, 2021, the DHO denied relator's request for TTD compensation. In support of the determination, the DHO found that relator "has failed to sustain her burden of proof that the allowed psychological condition prevents her from returning to her former position of employment." (Stip. at 19.) The DHO based this finding on the February 18, 2021 report of Dr. Tosi.

{¶ 17} 12. Dr. Potesta, in a report dated March 23, 2021, provided a rebuttal summary to the opinion expressed by Dr. Tosi. Dr. Potesta found Dr. Tosi's "argument [to be] invalid due to the fact that [relator] has already been allowed for F32.9 Unspecified Depressive Disorder as a direct and proximate result of her 08/09/2006 injury." (Stip. at 17.) Furthermore, Dr. Potesta stated that relator "experienced depressive symptoms prior to 2020 as well as now due to her work-related injury" and found that relator "remains temporarily disabled specific to her psychological condition from this 2006 injury." (Stip. at 17.)

{¶ 18} 13. On April 14, 2021, a commission SHO conducted a hearing on relator's appeal from the March 10, 2021 DHO order. In an order mailed April 16, 2021, the SHO affirmed the DHO order and denied relator's January 12, 2021 C-86 requesting TTD compensation. The SHO made the following findings:

> The [SHO] finds that [relator] is not entitled to compensation pursuant to R.C. 4123.56(F) as she retired from the workforce in March 2018. This finding is based on [relator's] testimony that she made an economic decision and took a regular retirement due to her age and 41 years service. Employer's counsel also noted that the plant was going to close and the only way to continue working for the [employer] would have been to transfer to another state. [Relator] has not provided evidence that she sought other employment or made an effort to return to the work force after filing for and receiving her pension and also social security retirement benefits.

(Stip. at 14.) Additionally, the SHO stated that the order was made in reliance "on the 02/18/2021 report of Donald Tosi, Ph.D. who noted [relator] underwent heart surgery in 2020 and who opined that the period of disability is not due to the allowed psychological condition." (Stip. at 14.)

{¶ 19} 14. On April 26, 2021, relator filed an appeal from the SHO order denying TTD compensation. The commission refused the appeal in an order mailed May 5, 2022.

## II. Discussion and Conclusions of Law

{¶ 20} Relator seeks a writ of mandamus ordering the commission to grant her TTD compensation.

### A. Requirements for Mandamus

{¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, a relator must establish a clear legal right to the requested relief, that the commission has a clear legal duty to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Belle Tire Distribs. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122; *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). Where the commission's factual determination is supported by some evidence, it has not abused its discretion and this court must uphold the decision. *State ex rel. Seibert v. Richard Cyr, Inc.*, 157 Ohio St.3d 266, 2019-Ohio-3341, ¶ 44, citing *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376 (1996).

### B. Temporary Total Disability under Workers' Compensation Law

{¶ 22} " 'The purpose of TTD compensation is to "compensate an injured employee for the loss of earnings that [the employee] incurs while the injury heals." ' " *Ewell v. Montgomery Cty. Court of Common Pleas*, 10th Dist. No. 13AP-1078, 2014-Ohio-3047, ¶ 13, quoting *Cordial v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-473, 2006-Ohio-2533, ¶ 8, quoting *State ex rel. Baker v. Indus. Comm.*, 89 Ohio St.3d 376, 380 (2000). When a claimant is unable to work at their prior position of employment, TTD compensation is paid. *Id.* In order to be awarded TTD compensation, " 'the claimant must show not only that he or she lacks the medical capability of returning to the former position of employment but that a cause-and-effect relationship exists between the industrial injury and an actual loss of earnings.' " *State ex rel. Ohio State Univ. v. Pratt*, 169 Ohio St.3d 527, 2022-Ohio-4111, ¶ 17, quoting *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio

St.3d 25, 2002-Ohio-5305, ¶ 35. " 'In other words, it must appear that, but for the industrial injury, the claimant would be gainfully employed.' " *Id.*, quoting *McCoy* at ¶ 35. "TTD benefits are paid during the healing and treatment period until: (1) the employee returns to work; (2) the employee's treating physician states that the employee is capable of returning to the former position of employment; or (3) the temporary disability becomes permanent." *Ewell* at ¶ 13.

{¶ 23} R.C. 4123.56, which governs TTD compensation, contains restrictions preventing the awarding of TTD compensation, providing in pertinent part:

> [P]ayment [for TTD] shall not be made for the period when any employee has returned to work, when an employee's treating physician has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement.

R.C. 4123.56(A). R.C. 4123.56(B) provides formulas to compensate employees in situations where an employee "suffers a wage loss as a result of returning to employment other than the employee's former position of employment due to an injury or occupational disease" or where an employee "suffers a wage loss as a result of being unable to find employment consistent with the employee's disability resulting from the employee's injury or occupational disease."

{¶ 24} Until the enactment of 2020 Am.Sub.H.B. No. 81 ("H.B. 81"), voluntary abandonment of employment was an affirmative defense to a claim for TTD compensation. *See State ex rel. Quest Diagnostics, Inc. v. Indus. Comm. of Ohio*, ___ Ohio St.3d ___, 2023-Ohio-2213, ¶ 16. Under the judicially-created doctrine of voluntary abandonment, "when a workers' compensation claimant voluntarily removes [themselves] from [their] former position of employment for reasons unrelated to a workplace injury, [the claimant] is no longer eligible for [TTD] compensation, even if the claimant remains disabled at the time of [their] separation from employment." *State ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, ¶ 29.

{¶ 25} Effective September 15, 2020, H.B. 81 amended R.C. 4123.56 by adding division (F), which provides:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

R.C. 4123.56(F). Claims pending on or arising after the effective date are subject to the provisions of R.C. 4123.56(F). *State ex rel. Autozone Stores, Inc. v. Indus. Comm. of Ohio*, 10th Dist. No. 21AP-294, 2023-Ohio-633, ¶ 8, fn. 1; *Pratt*, 2022-Ohio-4111, ¶ 10, fn. 2; H.B. 81, Section 3.

## C. Application

{¶ 26} Relator argues the SHO's order is contrary to law and an abuse of discretion because the factual and medical record support that relator's retirement in March 2018 was not voluntary but rather involuntary and related to the ongoing disability resulting from the allowed conditions and treatment under the claim. Relator argues that she was receiving an undisputed ongoing period of TTD compensation based on her allowed conditions in the claim through the date she was found to have reached MMI on February 13, 2020. The commission responds that the SHO's order was factually supported and, consistent with R.C. 4123.56(F), did not apply the doctrine of voluntary abandonment in reaching its determination that relator was not entitled to TTD compensation.

{¶ 27} In *Autozone*, this court considered the operation of R.C. 4123.56(F). Under the facts of that case, following the claimant's injury, a workers' compensation claim was allowed for multiple conditions. The claimant continued to work with light duty restrictions until he became involved in an argument with another employee and was subsequently terminated from employment. The claimant sought TTD compensation and was denied by the employer. The claimant then underwent surgery, and a MEDCO-14 was filed by a physician indicating that the claimant was unable to work. The SHO issued an order granting TTD compensation based on the fact that the claimant was under restrictions due to the allowed conditions at the time of termination and was completely removed from the workforce after the surgery. The SHO therefore found that under R.C. 4123.56, the claimant

was unable to work as a direct result of an impairment arising from the allowed injury from the date of the surgery.

{¶ 28} Responding to the employer's argument that the claimant was not entitled to TTD compensation because the claimant was not employed at the time of his termination, this court found that prior decisions relying on the voluntary abandonment doctrine had been "superseded as stated in R.C. 4123.56(F)." *Autozone,* 2023-Ohio-633, at ¶ 34. Finding R.C. 4123.56(F) to be unambiguous, the court concluded that where a claimant is unable to work, "R.C. 4123.56(F) sets forth two operative questions to be eligible for TTD compensation: (1) whether he or she is unable to work as the direct result of an impairment arising from an injury or occupational disease; and (2) whether he or she is otherwise qualified to receive TTD compensation." *Id.* at ¶ 35. Importantly, R.C. 4123.56(F) does not operate to "impose an additional requirement on a claimant to prove he or she is unable to work *solely* due to an impairment arising from an injury or occupational disease." (Emphasis sic.) *Id.* Rather, "[o]nly when an otherwise qualified claimant is not working as a direct result of reasons unrelated to the allowed injury or occupational disease is the claimant ineligible to receive TTD compensation." *Id.*

{¶ 29} Consistent with the holding of *Autozone*, it is necessary to first address the question of whether relator is unable to work as a direct result of an impairment arising from an injury or occupational disease. Here, the DHO found that relator "failed to sustain her burden of proof that the allowed psychological condition prevents her from returning to her former position of employment" based on the February 18, 2021 report of Dr. Tosi. (Stip. at 19.) The SHO affirmed the DHO's order, stating that "[t]he [SHO] has also relied on the 02/18/2021 report of Donald Tosi, Ph.D. who noted [relator] underwent heart surgery in 2020 and who opined that the period of disability is not due to the allowed psychological condition." (Stip. at 14.) As noted by both the SHO and DHO, Dr. Tosi concluded that relator "is not temporarily/totally disabled specific to any psychological effects of this 2005 [sic] injury." (Stip. at 25-26.)[1]

---

[1] The magistrate notes that Dr. Tosi correctly listed the date of the injury at least twice elsewhere in the report, including in a statement noting that relator "was employed * * * at the time of the 08/09/2006 injury." (Stip. at 22.) The magistrate finds the minor error regarding the date of relator's injury does not prevent the report from being considered as some evidence to support the commission's determination as Dr. Tosi elsewhere in the report indicated the correct date and considered history of the injury and treatment specific to relator. *See generally State ex rel. Warnock v. Indus. Comm.*, 10th Dist. No. 02AP-359, 2002-Ohio-6739, ¶ 5 (stating that

{¶ 30} The commission is "exclusively responsible for assessing the weight and credibility of evidence." *State ex rel. George v. Indus. Comm.*, 130 Ohio St.3d 405, 2011-Ohio-6036, ¶ 11, citing *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18 (1987). Dr. Tosi's report constitutes some evidence on which the commission could rely in finding that relator's disability was not related to the allowed conditions in her claim. This finding precludes an award of TTD compensation. *Autozone* at ¶ 35; *State ex rel. Richey v. Indus. Comm.*, 10th Dist. No. 03AP-601, 2004-Ohio-2712, ¶ 3; *State ex rel. Levandowski v. Indus. Comm.*, 10th Dist. No. 16AP-231, 2017-Ohio-1171, ¶ 4.

{¶ 31} As previously noted, relator argues the SHO improperly applied the statutorily superseded voluntary abandonment doctrine in making findings regarding relator's retirement and efforts to return to the workforce. However, any error with regard to such findings is not material because the SHO, by affirming the DHO's order and relying on the report of Dr. Tosi to find that the period of disability was not related to the allowed conditions in the claim, provided an independent basis supported by some evidence for the determination that relator was not entitled to receive TTD compensation. *State ex rel. Pritt v. Indus. Comm. of Ohio*, 10th Dist. No. 17AP-98, 2018-Ohio-1066, ¶ 12-13. Because the commission's determination is supported by some evidence in the record, relator has not demonstrated a clear legal right to the requested relief or that the commission is under a clear legal duty to provide such relief.

**D. Conclusion**

{¶ 32} Accordingly, it is the decision and recommendation of the magistrate that relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

---

"minor discrepancies" in a doctor's report "regarding height and age are reasonable and do not raise any suspicion of ambiguity or material inconsistency").

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.