THE STATE, EX REL. SAUNDERS, APPELLEE, *v.* METAL CONTAINER CORPORATION ET AL., APPELLANTS.

[Cite as State, ex rel. Saunders, *v.* Metal Container Corp. (1990), 52 Ohio St. 3d 85.]

(No. 89-145—Submitted April 17, 1990—Decided June 27, 1990.)

*Michael J. Muldoon,* for appellee.

*Porter, Wright, Morris & Arthur, Warren H. Morse* and *Darrell R. Shepard,* for appellant Metal Container Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffery W. Clark,* for appellant Industrial Commission.

*Per Curiam.* R.C. 4121.36(B) provides in part:

"Any decision by a district hearing officer, a regional board of review, a staff hearing officer, or the commission shall be in writing and contain the following elements:

"* * *

"(4) Description of the part of the body and nature of the disability recognized in the claim."

The self-insured employer's original certification contained both descriptions. When transferred to the January 11, 1985 and June 12, 1985 orders, however, the nature of disability, *i.e.,* "spr." ("sprain"), was somehow deleted. R.C. 4121.36(B)(4) compliance thus warranted remedial action, but not to the extent seen here.

Analysis turns to R.C. 4123.52, which grants the commission continuing jurisdiction to modify or change former orders. While not unlimited, invocation of this statute may be appropriate in certain cases of mistake. See *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 135 N.E. 669; *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27, 42 O.O. 117, 93 N.E. 2d 291. In the case at bar, the appearance of a statutorily defective allowance in the 1985 orders constituted such a mistake.

This error could have been corrected simply by amending the allowed condition to reflect "back sprain" instead of just "back." The commission, however, went one step further and narrowed the named body part from "back" to "lumbosacral" and "lumbar spine." It did so, moreover, despite the absence of any allegation that its designation of "back" as the affected body part was wrong. As such, the commission's continuing jurisdiction did not allow the extent of the correction attempted here.

Appellants also challenge appellee's resort to mandamus, contending that the commission's February 2, 1987 order could have been appealed under R.C. 4123.519. Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a "back" injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject matter for a writ of mandamus. *State, ex rel. Highway Co.,* v. *Indus. Comm.* (1980), 70 Ohio App. 2d 41, 24 O.O. 3d 37, 434 N.E. 2d 279.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.