Per Curiam.
*105 *488 {¶ 1} Appellant, Belle Tire Distributors, Inc., filed a complaint for a writ of mandamus in the Tenth District Court of Appeals challenging appellee Industrial Commission's determination that it had continuing jurisdiction to reconsider a previous order denying a claim for death benefits because of a clear mistake of fact regarding how the decedent worker died.
{¶ 2} The court of appeals granted a motion to dismiss filed by appellee Judy Melroy on the basis that Belle Tire had a plain and adequate remedy at law-the right to appeal to a court of common pleas pursuant to R.C. 4123.512.
*489 {¶ 3} For the reasons that follow, we reverse the judgment of the court of appeals, and we remand the matter for that court to address the merits of Belle Tire's mandamus claim.
{¶ 4} Herbert Melroy was employed by Belle Tire on November 19, 2014, the day he died. His surviving spouse, Judy Melroy, filed a claim for death benefits with the Bureau of Workers' Compensation. The bureau determined that the decedent's death was not work related and denied the claim.
{¶ 5} Melroy appealed the bureau's denial to the Industrial Commission. A district hearing officer vacated the order and allowed the claim.
{¶ 6} Belle Tire then appealed. A staff hearing officer vacated the district hearing officer's order, finding that Melroy had failed to prove that the decedent's death occurred in the course of and arose out of his employment. The staff hearing officer denied the claim, and the commission refused to hear Melroy's appeal.
{¶ 7} Melroy then asked the commission to reconsider its order. Pursuant to R.C. 4123.52, the commission has continuing jurisdiction over a case and may modify or change its former findings or orders if the commission finds that a change is justified. Continuing jurisdiction is not unlimited; a party seeking to invoke the commission's continuing jurisdiction must show (1) new and changed circumstances, (2) fraud, (3) a clear mistake of fact or law, or (4) an error by an inferior tribunal. State ex rel. Nicholls v. Indus. Comm. , 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998).
{¶ 8} The commission concluded that it had continuing jurisdiction to reconsider the staff hearing officer's order because the order had been based on a clear mistake of fact. On reconsideration, the commission allowed the claim for death benefits on its merits.
{¶ 9} Belle Tire filed this mandamus action alleging that the commission abused its discretion when it concluded that the staff hearing officer's order contained a clear mistake of fact that justified exercising continuing jurisdiction. Belle Tire alleged that the commission had a clear legal duty to deny the request for reconsideration and to affirm the staff hearing officer's order denying the claim.
{¶ 10} Belle Tire also appealed the order granting death benefits to the Lucas County Court of Common Pleas, pursuant to R.C. 4123.512. At the request of Belle Tire, the common pleas court stayed that proceeding pending a decision by the Tenth District in the mandamus action.
{¶ 11} Melroy filed a motion to dismiss in the court of appeals pursuant to Civ.R. 12(B). Relying on *106 State ex rel. Alhamarshah v. Indus. Comm ., 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, and *490 State ex rel. Johnson v. Ohio State Univ. Cancer Research Hosp ., 10th Dist. Franklin No. 14AP-430, 2015-Ohio-3249, 2015 WL 4760677, Melroy argued that Belle Tire had an adequate remedy at law in the form of its R.C. 4123.512 appeal.
{¶ 12} The court of appeals agreed with Melroy's argument and dismissed the action, concluding that the commission's decision to exercise its continuing jurisdiction was appealable to the court of common pleas pursuant to R.C. 4123.512.
{¶ 13} Belle Tire's appeal of the judgment granting Melroy's motion to dismiss is now before this court.
Melroy's Motion to Dismiss this Appeal
{¶ 14} As an initial matter, we address Melroy's motion to dismiss Belle Tire's appeal for lack of jurisdiction. Melroy maintains that Belle Tire has an adequate remedy at law that it exercised when it filed an appeal in the Lucas County Court of Common Pleas in 2016.
{¶ 15} This court has jurisdiction over this appeal of right from the court of appeals' judgment pursuant to Ohio Constitution, Article IV, Section 2 (B)(2)(i). Therefore, dismissal is unwarranted. We deny Melroy's motion.
Merits of the Appeal
{¶ 16} We review the court of appeals' decision granting Melroy's motion to dismiss the complaint filed below. That court concluded that Melroy had an adequate remedy at law by way of appeal pursuant to R.C. 4123.512 and dismissed the complaint for failure to state a claim for relief.
{¶ 17} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. , 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A court may grant a motion to dismiss only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief. Mitchell v. Lawson Milk Co. , 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).
{¶ 18} In its complaint for a writ of mandamus, Belle Tire challenged the final order of the commission, which adjudicated two issues: whether the commission could exercise its continuing jurisdiction pursuant to R.C. 4123.52 to reconsider a previous order that denied Melroy's claim for death benefits and whether Melroy is entitled to benefits because of the death of her husband. The commission's decision to exercise continuing jurisdiction is reviewable in mandamus, under an abuse-of-discretion standard, State ex rel. Saunders v. Metal Container Corp. , 52 Ohio St.3d 85, 556 N.E.2d 168 (1990), while a decision to allow a claim, which *491 involves the right to participate in the workers' compensation system, is reviewable in an appeal to the court of common pleas pursuant to R.C. 4123.512.
{¶ 19} The question whether a party must file an appeal in common pleas court or file a petition for a writ of mandamus is an often litigated one. It is often difficult to distinguish between appealable right-to-participate orders and other orders that are nonappealable. State ex rel. Liposchak v. Indus. Comm. , 90 Ohio St.3d 276, 278-279, 737 N.E.2d 519 (2000). The issue is before this court once again-does Belle Tire's complaint state a claim for mandamus relief or does Belle Tire have an adequate remedy at law in the form of an appeal pursuant to R.C. 4123.512 ?
{¶ 20} Belle Tire argues that R.C. 4123.512 does not afford a remedy to challenge *107 the commission's exercise of continuing jurisdiction and that an appeal under that section is not a plain and adequate remedy at law sufficient to defeat mandamus jurisdiction. According to Belle Tire, an R.C. 4123.512 appeal focuses on a different issue-the right to participate or to continue to participate in the workers' compensation system-and does not afford the challenging party the opportunity to correct the errors committed below when the commission has invoked continuing jurisdiction pursuant to R.C. 4123.52.
{¶ 21} Belle Tire maintains that it should have the opportunity to challenge the commission's exercise of continuing jurisdiction because, in the event that the commission abused its discretion in doing so, the previous order denying the claim would remain in effect-placing the responsibility for filing an appeal on the claimant without the benefit of receiving ongoing compensation payments from the employer throughout the process. Belle Tire asks this court to overrule Alhamarshah , the decision on which the court of appeals relied, emphasizing that Alhamarshah did not explain why an R.C. 4123.512 appeal provided an adequate remedy in that case. Belle Tire also asks this court to overrule State ex rel. Carroll v. Galion Assisted Living, Ltd., 149 Ohio St.3d 326, 2016-Ohio-8117, 75 N.E.3d 140, which relied on Alhamarshah .
{¶ 22} In response, Melroy argues that an R.C. 4123.512 appeal is a plain and adequate remedy because it is complete, beneficial, and effective and will give finality by ultimately deciding whether the claim for death benefits should be allowed. According to Melroy, because the right to participate is the ultimate decision being challenged, the court of appeals has no jurisdiction to issue a writ of mandamus when there is an adequate remedy at law through an R.C. 4123.512 appeal. Both the commission and Melroy maintain that Alhamarshah and Carroll were correctly decided and that those decisions preclude Belle Tire from obtaining relief in mandamus.
*492 {¶ 23} To understand the issue in this case, it is important to consider the differences between an R.C. 4123.512 appeal and a mandamus claim challenging a decision of the Industrial Commission.
{¶ 24} R.C. 4123.512 authorizes a claimant or an employer to appeal an order of the commission to a court of common pleas when the order grants or denies the right to participate in the workers' compensation system. Liposchak , 90 Ohio St.3d at 278-279, 737 N.E.2d 519. This question involves only "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." Id. at 279, 737 N.E.2d 519. Once the right to participate for a specific condition is recognized, no subsequent rulings in the proceeding are appealable except one that terminates the right to participate. White v. Conrad , 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶ 13. In an appeal under R.C. 4123.512, the trial court determines the right-to-participate question de novo. Ferguson v. State , 151 Ohio St.3d 265, 2017-Ohio-7844, 87 N.E.3d 1250, ¶ 11.
{¶ 25} In contrast, a mandamus action is appropriate when there is a legal basis to compel the commission to perform its clear legal duty under the law, including when the commission has abused its discretion in carrying out its duties. State ex rel. Gen. Motors Corp. v. Indus. Comm ., 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. A court issues a writ of mandamus when a relator demonstrates that it has a clear legal right to the relief requested, the commission has a clear legal duty to provide that relief, and there is a lack of an adequate remedy in *108 the ordinary course of the law. Id. ; State ex rel. Knapp v. Indus. Comm. , 134 Ohio St.3d 134, 2012-Ohio-5379, 980 N.E.2d 987, ¶ 12. In a mandamus action, a court reviews the commission's order for abuse of discretion. State ex rel. Turner Constr. Co. of Ohio v. Indus. Comm. , 142 Ohio St.3d 310, 2015-Ohio-1202, 29 N.E.3d 969, ¶ 12.
{¶ 26} Thus, the focuses of these two proceedings differ. An R.C. 4123.512 appeal is a de novo proceeding in which the claimant presents evidence to the court to prove that the employee's injury, disease, or death occurred in the course of employment so that the employee has the right to participate in the workers' compensation fund. Conversely, in a mandamus proceeding, the focus is on the decision of the commission and whether it abused its discretion. In the mandamus action, judges determine whether the commission's decision was proper, while in an R.C. 4123.512 appeal, jurors typically determine questions of fact. Finally, in a mandamus action, the commission is the sole governmental party whose action the court is reviewing, while the Bureau of Workers' Compensation is the sole mandatory governmental party to the R.C. 4123.512 appeal.
{¶ 27} Here, Belle Tire's complaint for a writ of mandamus alleged that the commission abused its discretion when it determined that the staff hearing officer *493 had based the disallowance of the claim for death benefits on a clear mistake of fact. This question does not involve the right to participate but instead involves whether there was a factual mistake sufficient to invoke the continuing-jurisdiction provisions of R.C. 4123.52. This question is a proper subject matter for an action seeking a writ of mandamus. Saunders , 52 Ohio St.3d at 86, 556 N.E.2d 168.
{¶ 28} Although Melroy and the commission argue that the R.C. 4123.512 appeal would be a plain and adequate remedy and more effective than an action in mandamus, the continuing-jurisdiction issue is not part of a common pleas court's de novo determination of the factual issues. Because the continuing-jurisdiction issue is properly reviewed in a mandamus action, we apply Saunders , reverse the judgment of the court of appeals, and remand the case for further proceedings.
{¶ 29} The court of appeals relied on this court's opinion in Alhamarshah as authority to dismiss the action for lack of jurisdiction. In Alhamarshah , an employee sought a writ of mandamus after the commission decided that an employer's notice of appeal had substantially complied with statutory requirements; the commission subsequently denied the employee's workers' compensation claim. This court held that the employee had an adequate remedy in the ordinary course of the law by way of appeal. Alhamarshah , 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, at ¶ 13.
{¶ 30} This court cited Alhamarshah in Carroll . In Carroll , the commission exercised its continuing jurisdiction based on an alleged mistake of fact and vacated the employee's workers' compensation claim. Again, this court found that the employee had an adequate remedy in the ordinary course of the law by way of an appeal. Carroll , 149 Ohio St.3d 326, 2016-Ohio-8117, 75 N.E.2d 140, at ¶ 4.
{¶ 31} In those cases, we did not focus on the differences between a mandamus claim and an R.C. 4123.512 appeal and we did not acknowledge our earlier holding in Saunders . Instead, we focused on the ultimate right-to-participate question that was the subject of the R.C. 4123.512 appeals in Alhamarshah and Carroll . To the extent that those decisions failed to give due consideration to the distinct issues in each *109 case that were reviewable in mandamus, we now clarify that Saunders , not Alhamarshah or Carroll , answers whether Belle Tire has an adequate remedy through an R.C. 4123.512 appeal.
{¶ 32} Belle Tire alleged in its complaint that it was challenging the commission's decision to reconsider a previous order. Belle Tire should have the opportunity to challenge the commission's decision to exercise continuing jurisdiction. Consequently, we conclude that the complaint does state a claim for relief.
*494 We reverse the judgment of the court of appeals, and we remand the case for that court to address the merits of Belle Tire's mandamus claim.
Judgment reversed and cause remanded.
O'Connor, C.J., and O'Donnell, French, and Fischer, JJ., concur.
DeWine, J., dissents, with an opinion joined by Kennedy, J.
DeGenaro, J., not participating.