[Cite as *State ex rel. Neitzelt v. Indus. Comm.* , 2019-Ohio-2579.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Christina Neitzelt, | : | |
| Relator, | : | |
| v. | : | No. 18AP-152 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on June 27, 2019

**On brief:** *Hochman & Plunkett Co., L.P.A., Gary D. Plunkett,* and *Marcus A. Heath,* for relator.

**On brief:** *Dave Yost,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

**On brief:** *Crabbe, Brown & James, LLP,* and *John C. Albert,* for respondent Vitas Healthcare Corporation of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Christina Neitzelt, initiated this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein the commission exercised its continuing jurisdiction based on new and changed circumstances and a clear mistake of fact which resulted in an order denying her claim for L4-L5 disc herniation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the

appended decision, including findings of fact and conclusions of law. The magistrate, citing the Supreme Court of Ohio's recent decision in *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122, rejected the commission's threshold argument that its decision to exercise continuing jurisdiction in this matter is not reviewable in mandamus because the ultimate determination regarding Neitzelt's participation in the workers' compensation fund was appealable. As to the continuing jurisdiction issue, the magistrate determined that Neitzelt has not demonstrated that the commission abused its discretion when it exercised its continuing jurisdiction and denied Neitzelt's claim for L4-L5 disc herniation. Thus, the magistrate recommends this court deny Neitzelt's request for a writ of mandamus.

{¶ 3}   Neitzelt has filed objections to the magistrate's decision. Generally, Neitzelt argues the magistrate erred in concluding that the commission did not abuse its discretion when it exercised its continuing jurisdiction and disallowed relator's claim for L4-L5 disc herniation.[1] More particularly, she alleges the magistrate erred by not finding that the commission's exercise of continuing jurisdiction was barred by the applicable statute of limitations or res judicata, concluding that evidence of the non-existence of her L4-L5 disc herniation was not readily discoverable absent surgery, concluding that Dr. Nicolas Grisoni's operative report was evidence of the non-existence of the disc herniation, and concluding that it was her burden to re-litigate the disc herniation issue after the initial allowance. We agree with Neitzelt's contention that the commission abused its discretion in exercising its continuing jurisdiction to deny her claim for L4-L5 disc herniation.

{¶ 4}   Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." This continuing jurisdiction is not unlimited, however, as it only may be invoked when there exists (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, and (5) error by

---

[1] No party has filed objections to the magistrate's conclusion that the issue of whether the commission abused its discretion when it exercised its continuing jurisdiction is properly before this court despite the fact that the commission's exercise of continuing jurisdiction ultimately affected Neitzelt's right-to-participate. On this issue, we agree with the magistrate's application of the Supreme Court of Ohio's recent decision in *State ex rel. Belle Tire Distribs., Inc.* to the facts of this case.

inferior tribunal. *State ex rel. Robertson v. Indus. Comm.*, 10th Dist. No. 13AP-77, 2014-Ohio-2417, ¶ 7. In addition to this substantive limitation, there are time constraints on when the commission may exercise its continuing jurisdiction. As to orders that are appealable, the commission has jurisdiction over such an order only until that order is appealed or the appeal time has elapsed. *State ex rel. Gatlin v. Yellow Freight Sys., Inc.*, 18 Ohio St.3d 246, 249 (1985), citing *State ex rel. Prayner v. Indus. Comm.*, 2 Ohio St.2d 120, 121 (1965), and *Todd v. Gen. Motors Corp.*, 65 Ohio St.2d 18 (1981); *Palmer Bros. Concrete, Inc. v. Indus. Comm.*, 3d Dist. No. 13-07-16, 2008-Ohio-345, ¶ 20; *see State ex rel. Johnson v. Cooper Industries*, 10th Dist. No. 82AP-703 (Aug. 30, 1983) (noting that because the order was not appealable, the continuing jurisdiction of the commission "did not expire 60 days after issuance of the order at the latest, as it would have had the order been appealable"). The commission retains jurisdiction over non-appealable orders, however, "for a reasonable period of time," which cannot extend beyond the filing of a mandamus complaint. *State ex rel. Rodriguez v. Indus. Comm.*, 67 Ohio St.3d 210, 213 (1993).

{¶ 5} Here, the commission allowed Neitzelt's claim for L4-L5 disc herniation in June 2016. This allowance became final on June 29, 2016, when the commission refused to hear the appeal of respondent Vitas Healthcare Corporation of Ohio ("Vitas Healthcare") from the staff hearing officer order granting the additional claim allowance. Pursuant to R.C. 4123.512(A), Vitas Healthcare had 60 days to file an appeal from the commission's final order that granted Neitzelt's claim for L4-L5 disc herniation. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 279-80 (2000), citing R.C. 4123.512. But it did not file an appeal. Subsequently, in December 2016, Neitzelt had back surgery. Approximately nine months later, in October 2017, Vitas Healthcare moved the commission to exercise its continuing jurisdiction to vacate the allowance of L4-L5 disc herniation, citing the operative report for the December 2016 surgery and an October 2017 report of a physician who opined that the December 2016 surgery was performed for non-work related conditions. The commission granted the motion, based on its findings that there were new and changed circumstances and a clear mistake of fact regarding the presence of an L4-L5 disc herniation. However, because the commission's order granting Neitzelt's additional allowance for L4-L5 disc herniation was a final and appealable right-to-participate order,

the commission's continuing jurisdiction over that order ceased once the 60-day appeal period lapsed in 2016. Therefore, the commission improperly exercised continuing jurisdiction over the order in 2018.

{¶ 6} Following our independent review of the record pursuant to Civ.R. 53, we adopt the magistrate's findings of fact. We find the magistrate correctly determined that the issue of whether the commission abused its discretion in exercising its continuing jurisdiction is properly before this court. However, we disagree with the magistrate's conclusion that the commission did not abuse its discretion in exercising its continuing jurisdiction. Accordingly, the magistrate's conclusions of law are adopted in part. For the reasons stated above, we sustain Neitzelt's objections to the magistrate's decision and grant her request for a writ of mandamus. The commission is hereby ordered to vacate its order exercising its continuing jurisdiction and any resulting orders based thereon.

*Objections sustained;*
*writ of mandamus granted.*

BROWN, J., concurs.
DORRIAN, J., concurs in part and concurs in judgment.

DORRIAN, J., concurring in part and concurring in judgment.

{¶ 7} I concur with the majority and would sustain the objections and grant the writ. I write separately, however, to clarify that prior to determining whether the 60-day temporal limitation applies, it is necessary to determine whether the commission has grounds to exercise continuing jurisdiction. If the commission properly determines there was: (1) a clear mistake of fact, (2) a clear mistake of law, (3) new and changed circumstances, (4) fraud, or (5) an error by an inferior tribunal, then the 60-day temporal limitation does not apply.

{¶ 8} In this case, the commission determined that Dr. Grisoni's surgical record of December 8, 2016 and Dr. Rozen's medical opinion report of October 22, 2017 constituted "new and changed circumstances that were not reasonably discoverable at the time that the issue of L4-L5 disc herniation was adjudicated and also presents evidence of a clear mistake of fact regarding the presence of an L4-L5 disc herniation." (*See* appended Mag. Decision at ¶ 27.) I believe the commission abused its discretion in making this determination.

{¶ 9}   Regarding the determination the new evidence constituted evidence of new and changed circumstances, the new evidence did not constitute evidence that conditions had changed subsequent to the initial award.  Nor was the new evidence not reasonably discoverable at the time of the initial award.  To the contrary, at the time of the initial award, the commission had before it the February 19, 2016 report of independent medical examiner Dr. Griesser.  Dr. Griesser opined prior to the initial award, much like Dr. Rozen opined after the initial award, that relator did not have the requested L4-L5 herniation.  The commission rejected Dr. Griesser's opinion.  It cannot now exercise continuing jurisdiction to accept Dr. Rozen's opinion, which although was new evidence, was the same as Dr. Griesser's opinion, that there was no L4-L5 disc herniation at the time of the initial award.

{¶ 10} Regarding the determination the new evidence constituted a clear mistake of fact, I first note that the employer did not argue in its motion to exercise continuing jurisdiction or in its response to relator's motion in opposition to continuing jurisdiction that the evidence constituted a mistake of fact.  Nor did the commission articulate what about the new evidence constituted a mistake of fact.  Furthermore, mistake of fact has been construed as clerical error, and the commission did not point to any clerical errors.  Neither the employer nor the commission point us to any authority that evidence obtained subsequent to an initial award can, in and of itself, constitute a mistake of fact—especially when similar evidence existed at the time of the initial award.  Finally, even if the evidence were considered a mistake of fact, it was not a clear mistake of fact given the contrary evidence that the L4-L5 disc herniation did exist, upon which the commission relied in granting the initial award.

{¶ 11} Therefore, as I believe the commission abused its discretion in determining that Dr. Grisoni's surgical record and Dr. Rozen's medical opinion constituted new and changed circumstances and clear mistake of fact, I would sustain the objections to the magistrate's decision.  Accordingly, I then concur with the majority that the 60-day temporal limitation applied and lapsed.  I concur with the majority to issue the writ to order the commission to vacate the January 30, 2018 order wherein it exercised its continuing jurisdiction to deny relator's claim for L4-L5 disc herniation.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Christina Neitzelt, | : | |
| Relator, | : | |
| v. | : | No. 18AP-152 |
| Industrial Commission of Ohio, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 27, 2018

*Hochman & Plunkett Co., L.P.A., Gary D. Plunkett,* and *Marcus A. Heath,* for relator.

*Michael DeWine,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 12} Relator, Christina Neitzelt, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") vacate its order wherein the commission exercised its continuing jurisdiction based on new and changed circumstances as well as a clear mistake of fact which resulted in an order denying her claim for L4-L5 disc herniation.

Findings of Fact:

{¶ 13} 1.  In July 2015, relator was working as a nurse for Vitas Healthcare Corporation of Ohio ("Vitas Healthcare") when she sustained a work-related injury and

her workers' compensation claim was originally allowed for: "left shoulder strain; thoracic strain; lumbosacral strain."

{¶ 14} 2.  On December 18, 2015, relator filed a motion asking that her claim be additionally allowed for L4-L5 disc herniation.  In support of her motion, relator submitted the November 20, 2015 office note of Nicolas Grisoni, M.D., who examined her and reviewed an MRI.  Dr. Grisoni opined that relator's "work-related injury caused pain [and] acute left L4-5 disc protrusion."  Dr. Grisoni recommended that she continue physical therapy, begin a trial of Neurontin, as well as lumbar epidural steroid injections.

{¶ 15} Relator also submitted the December 7, 2015 report of Martti E. Kahkonen, M.D., which states, in pertinent part:

> Review of her records does indicate she had an MRI performed of her lumbar spine on 09/27/2015. The most significant finding is that of an L4-L5 disk herniation. There is a small disk bulge at L5-S1.
>
> She has seen a spine specialist, Dr. Grisoni in consultation on 11/20/2015. In his medical opinion, most of her discomfort is coming from the left L4-L5 disk protrusion, which he characterized as acute.
>
> In my medical opinion, the L4-L5 acute disk herniation is a direct result of her injury sustained on 07/30/2015. This is with 85% medical certainty.

{¶ 16} 3.  An independent medical evaluation was conducted by Michael J. Griesser, M.D., who examined relator on February 19, 2016.  After reviewing the history of her injury, Dr. Griesser discussed the imaging which had been done, stating:

> X-rays of the lumbar spine at that time demonstrated mild degenerative disc disease at L1-L2. * * *
>
> * * *
>
> An x-ray was obtained which identified minimal anterior spurring at L1-L2 and L4-L5.
>
> * * * An MRI of her lumbar spine was obtained on September 27, 2015, which identified degenerative changes.

{¶ 17} Dr. Griesser opined that relator has "chronic degenerative changes within the lumbar spine, most notably at L1-L2 and L4-L5 which were noted on all the radiographic images that have been taken."  Dr. Griesser was asked whether he believed relator's claim should be additionally allowed for L4-L5 disc herniation.  Dr. Griesser asserted that it should not, stating:

> It is my opinion the claimant does not have the requested L4-5 disc herniation based upon the September 2015 MRI which instead identified multilevel degenerative changes of the lumbar spine. * * * [I]nstead, there is mild diffuse disc bulging and hypertrophic osteophytes, changes which, in my opinion, are degenerative in nature and unrelated to the work-related injuries on May 30, 2014, and July 30, 2015.
>
> * * *
>
> [I]t is my opinion the claimant has diffuse disc bulging at L4-5 with other degenerative changes.
>
> * * *
>
> * * * [C]laimant does not require any work restrictions. In my opinion the allowed conditions have resolved and are not the basis for her current complaints.

{¶ 18} 4.  Relator's request for the additional allowance was heard before a district hearing officer ("DHO") on April 28, 2016 and was granted based on the December 7, 2015 report of Dr. Kahkonen and the November 20, 2015 office note of Dr. Grisoni.

{¶ 19} 5.  Vitas Healthcare's appeal was heard before a staff hearing officer ("SHO") on June 7, 2016.  The SHO affirmed the prior DHO order and granted the additional claim allowance based on the same medical evidence.

{¶ 20} 6.  Vitas Healthcare's appeal was refused by order of the commission mailed June 29, 2016.

{¶ 21} 7.  Dr. Grisoni completed a C-9 request for the following surgical procedure: "L4-L5 microdiscectomy and microdecompression."

{¶ 22} 8.  On December 8, 2016, Dr. Grisoni performed the following surgical procedure on relator:  "Microscopic dissection of the spine" and "Left L4 hemilaminotomy including microdecompression and L5 nerve foraminotomy and facet cyst resection."

{¶ 23} The pre- and post-operative diagnoses were the same:

> PREOPERATIVE DIANOSES:
> [One] Left L4-5 facet cyst.
> [Two] Severe left lateral recess stenosis, L4-5.
> [Three] Left lower extremity L5 radiculopathy.
>
> POSTOPERATIVE DIAGNOSES:
> [One] Left L4-5 facet cyst.
> [Two] Severe left lateral recess stenosis, L4-5.
> [Three] Left lower extremity L5 radiculopathy.

{¶ 24} 9. In October 2017, Vitas Healthcare filed a motion asking the commission to exercise its continuing jurisdiction to vacate the allowance of L4-L5 disc herniation. Vitas Healthcare attached the December 8, 2016 operative report as well as the October 22, 2017 report of Michael J. Rozen, M.D. At the time Dr. Rozen examined relator, he was asked to determine whether or not she was suffering from "[f]ailed back surgery syndrome." In his report, Dr. Rozen noted that, following the surgery, an infection set in and relator had undergone two additional surgical procedures and continued to have significant back pain with pain shooting down her leg. Dr. Rozen provided his physical findings on examination and identified the medical records which he reviewed. Dr. Rozen concluded that relator did indeed have the condition of failed back surgery syndrome; however, Dr. Rozen also found that the December 2016 surgery was performed for non-work related conditions and, as such, should not be allowed in her claim. Specifically, Dr. Rozen stated:

> To a reasonable degree of medical probability, Ms. Neitzelt's condition is related to the natural deterioration of a tissue, an organ or part of the body and is not related to the work incident, subject of this claim. The Neitzelt's initial surgery was performed for the non-work related conditions of left L4-5 facet cyst, severe left lateral recess stenosis L4-5 and left lower extremity L5 radiculopathy, the product of natural deterioration of a tissue, an organ or part of the body. She was not identified at time of surgery to have the condition of L4-5 disc herniation and no surgery was performed on the L4-5 intervertebral disc. Rather the surgery was performed for non-work related conditions the product of natural

> deterioration of a tissue, organ or part of the body and any further treatment should be pursued through non-BWC funding resources.

(Emphasis omitted.)

{¶ 25} 10.  Vitas Healthcare's motion was heard before a DHO on December 11, 2017 and was granted.  Specifically, the DHO found there were new and changed circumstances sufficient to warrant the exercise of the commission's continuing jurisdiction.  The DHO relied on the October 22, 2017 report of Dr. Rozen as well as the operative report of Dr. Grisoni, and specifically disallowed relator's claim for L4-L5 disc herniation.

{¶ 26} 11.  Relator's appeal was heard before an SHO on January 30, 2018.  The SHO affirmed the prior DHO's order and found that Vitas Healthcare had met its burden to prove both new and changed circumstances and a clear mistake of fact sufficient to warrant the exercise of the commission's continuing jurisdiction.  Specifically, the SHO order provides:

> According to the surgical record of Nicolas Grisoni, M.D. from the 12/08/2016 surgery, and according to the medical opinion report of Michael Rozen, M.D. dated 10/22/2017, the operation was for a microscopic dissection of the spine, left L4 hemilaminectomy including microdecompression and L5 nerve foraminotomy and facet cyst resection. Dr. Rozen stated:
>
> "In the body of the operative report there is no description of disc herniation. The surgery was directed toward posterior bony elements and thickened ligamentum flavum compressing the L5 nerve root in presence of a facet joint cyst. No existence of an L4-5 disc herniation is reported and no surgery was performed for an L4-5 disc herniation."

{¶ 27} Within his report, Dr. Rozen also summarized:

> "She was not identified at the time of surgery to have the condition of L4-5 disc herniation and no surgery was performed on the L4-5 intervertebral disc."
>
> The Staff Hearing Officer finds that the above medical evidence presents new and changed circumstances that were

not reasonably discoverable at the time that the issue of L4-L5 disc herniation was adjudicated and also presents evidence of a clear mistake of fact regarding the presence of an L4-L5 disc herniation. Consequently, based upon the operative report of Dr. Grisoni dated 12/08/2016 and the report of Dr. Rozen dated 10/22/2017, the Staff Hearing Officer finds that the Injured Worker did not have an L4-L5 disc herniation causally related to the Injured Worker's 07/30/2015 industrial injury. Therefore, it is the order of the Staff Hearing Officer that the allowance of L4-L5 disc herniation is vacated and the condition **L4-L5 DISC HERNIATION** is **DISALLOWED**.

The Staff Hearing Officer orders that the Injured Worker's 11/06/2017 C-86 Motion is denied. The Staff Hearing Officer orders that the C-9 dated 09/22/2017 is denied. The Staff Hearing Officer finds that the medical service requested by the Injured Worker, permanent pain pump placement, is a medical service that is not reasonably related to and medically necessary for the treatment of the presently allowed conditions in this claim. The Staff Hearing Officer finds that the requested pain pump is for the condition failed back surgery syndrome which is denied by a separate order from a hearing on this date. This finding is based upon the 10/22/2017 report of Dr. Rozen. The order of the District Hearing Officer is affirmed.

(Emphasis sic.)

{¶ 28} 12.   Relator's appeal was refused by order of the commission mailed February 23, 2018.

{¶ 29} 13.   Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 30} For the reasons that follow, it is this magistrate's decision that the commission did not abuse its discretion when it exercised its continuing jurisdiction and this court should deny relator's request for a writ of mandamus.

{¶ 31} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 32} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 33} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:

> R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, *e.g., State ex rel. Gatlin v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345

> (commission has continuing jurisdiction in cases involving fraud); *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

*Id.* at 541.

{¶ 34} As an initial matter, the commission argues that the commission orders denied relator's right to participate in the workers' compensation fund for herniation at L4-L5 and that she has an alternative remedy by way of filing an appeal to the common pleas court pursuant to R.C. 4123.512. Citing the Supreme Court's decision in *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357, the commission asserts that, because its exercise of jurisdiction resulted in a decision denying relator's right to participate in the workers' compensation system, that decision was essential to the ultimate determination that denied relator's participation in the workers' compensation system, and is appealable pursuant to R.C. 4123.512.

{¶ 35} Approximately one month after the commission filed its brief in this case, the Supreme Court issued its decision in *State ex rel. Belle Tire Distribs. v. Indus. Comm.*,    Ohio St.3d   , 2018-Ohio-2122. In that case, the court focused on the differences between a mandamus claim and an R.C. 4123.512 appeal and, without overruling *Alhamarshah*, the court indicated that it was clarifying *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85 (1990), and found that Belle Tire should have the opportunity to challenge the commission's decision to exercise continuing jurisdiction in the court of appeals. As such, it appears that where, as here, the complaint focuses exclusively on whether the commission abused its discretion when it exercised its continuing jurisdiction in a particular case, that sole issue can be challenged in the court of appeals in a mandamus action. Thereafter, depending on the outcome here, either the commission's decision to exercise continuing jurisdiction will be

upheld or it will not. As such, based on *Belle Tire,* the issue of whether the commission abused its discretion when it exercised its continuing jurisdiction is before this court.

{¶ 36} In exercising its continuing jurisdiction, the commission cited new and changed circumstances as well as a clear mistake of fact. Thereafter, the commission cited evidence demonstrating that, although relator's claim had been allowed for herniated disc L4-L5, no such herniation existed. Relator does not argue that this could not constitute a mistake of fact; instead, relator argues that there are no new and changing circumstances. Specifically, relator points to the report of Dr. Griesser who opined that relator did not have a disc herniation, and that her problems were degenerative in nature, and not caused by the work-related injury. Based on this report, relator argues that Dr. Griesser's opinion is the equivalent of the absence of finding of herniated disc that Dr. Grisoni made during the operation. In other words, relator asserts this report showed there was no disc herniation. The magistrate finds that they are not the same.

{¶ 37} When the commission additionally allowed relator's claim for the herniated disc, the commission had conflicting evidence before it. Relator's doctors explained how she continued to have pain despite physical therapy and other treatment modalities. Given the radiating pain, her doctors were 85 percent certain she had a herniated disc. Although Dr. Griesser attributed relator's complaints to degenerative conditions, the commission chose to find relator's physicians more persuasive, and allowed the claim.

{¶ 38} When Dr. Grisoni operated on relator, it appears there was no evidence of a disc herniation present. Although his C-9 indicated he would be performing an "L4-L5 microdiscectomy and microdecompression," his pre-op and post-op diagnosis did not include a herniated disc and he did not perform that procedure. There is a significant difference between what a doctor believes based on diagnostic tests and the patient's complaints, and what he actually knows when he opens up the patient for surgery and can see the actual issue before him. In the first, a doctor is certainly saying it is more likely than not that something exists while, in the latter, a doctor can say conclusively that something does or does not exist. When Vitas Healthcare filed the motion asking the commission to exercise continuing jurisdiction and attached Dr. Grisoni's operative report, counsel for relator could have asked Dr. Grisoni to author an addendum addressing whether any herniation was present. Counsel did not do so. The magistrate

finds the fact that Dr. Griesser opined that relator did not have a herniated disc, does not mean that the absolute certainty of relator's condition was discoverable at the time the commission allowed her claim.  This is evidence that was not readily discoverable absent surgery.

{¶ 39}  Finding that the commission did not abuse its discretion when it exercised its continuing jurisdiction and denied relator's claim for disc herniation at L4-L5, it is this magistrate's decision that this court should not issue a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).