[Cite as *Albert v. Patton*, 2022-Ohio-1593.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

REVONE ALBERT,                          :

    Plaintiff-Appellant,        :

                       No. 111054

    v.                          :

MICHAEL PATTON,                         :

    Defendant-Appellee.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 12, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-946792

---

*Appearances:*

Oscar Trivers, *for appellant*.

Gallagher Sharp LLP, and Chloe C. Deangelis, Maia E. Jerin, and Richard C. O. Rezie, *for appellee*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. By designating this as an accelerated appeal, it has been "agreed that we may render a decision in 'brief and conclusionary form' consistent with App.R. 11.1(E)." *State v. D.F.,* 8th Dist. Cuyahoga No. 104410, 2017-

Ohio-534, ¶ 1; *Shaker Hts. v. Brandon Profit El-Bey*, 8th Dist. Cuyahoga Nos. 105701 and 105702, 2017-Ohio-9022, ¶ 1. For the following reasons, we reverse and remand for further proceedings.

{¶ 2} Revone Albert appeals the trial court's decision dismissing his tort action against Michael Patton as being precluded under Ohio's two-year statute of limitation on tort actions, R.C. 2305.10(A). The parties' dispute arose from a motor vehicle accident that occurred in April 2017.

{¶ 3} The underlying action was filed in April 2021; however, according to the allegations in the amended complaint and a journal entry docketed by the trial court, this was not the original action. An earlier case had been filed and dismissed without prejudice. On August 24, 2021, the trial court recognized the earlier action, Cuyahoga C.P. No. CV-19-913105, and under "Superintendence Rule 36," the matter was reassigned to the original court by the administrative judge for the Cuyahoga Court of Common Pleas because the refiled case had been initially assigned through the random draw procedure. The reference to Superintendence Rule 36 appears to be an outdated citation to Sup.R. 36.017,[1] which provides that "if a previously filed and dismissed case is refiled, the case shall be reassigned to the judge originally assigned by lot to hear it unless, for good cause shown, that judge is precluded from hearing the case." Loc.R. 15(I) of the Court of Common Pleas of Cuyahoga County, General Division, also provides that all "cases re-filed with the Clerk's Office which

---

[1] Sup.R. 36(D), which provided authority for reassigning refiled cases, was amended to its current form under Sup.R. 36.017 effective March 1, 2017.

were dismissed without prejudice pursuant to Civil Rule 41(A) on a previous occasion shall be immediately assigned to the original docket * * *."

{¶ 4} Thus, at the least, as of August 24, 2021, the trial court and Patton were aware of the previously filed and dismissed action according to the trial court's docket. At no time did Patton object or otherwise contest the reassignment to the original trial court's docket based on the previous filing. *See, e.g., Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 8th Dist. Cuyahoga No. 96738, 2011-Ohio-5507, ¶ 14 (objection to reassignment of case based on previous filing sustained because the administrative reassignment did not arise from a refiled action). Sup.R. 36.017, and its local counterpart Loc.R. 15(I), only apply to cases that were dismissed without prejudice and refiled. *Id.* Despite the fact of the refiling of the previous action, the trial court dismissed the action with prejudice upon Patton's motion, concluding that "[f]rom the face of the complaint, plaintiff's claims are barred by the statute of limitations, and plaintiff has failed to allege any exceptions to the statute in her complaint." This timely appeal followed.

{¶ 5} A "'motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.'" *State ex rel. Belle Tire Distribs. v. Indus. Comm. of Ohio,* 154 Ohio St.3d 488, 2018-Ohio-2122, 116 N.E.3d 102, ¶ 17, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A court may grant a Civ.R. 12(B)(6) motion to dismiss "only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint

are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief." *Id.*, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Appellate courts review an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Thus, the sole inquiry is whether on the face of the complaint, it can be determined that the tort cause of action was precluded under the statute of limitations.

{¶ 6} Under Ohio law, the statute of limitations is an affirmative defense. Civ.R. 8(C). "[T]he difficulty of successfully asserting an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss" has been "long recognized" based on the fact that "affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised successfully in a Civ.R. 12(B)(6) motion." *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 41-42 (Kennedy, J., concurring in part), quoting *Main v. Lima*, 3d Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 14, and *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, ¶ 6-7 (noting that "the better procedure is to address affirmative defenses by way of a motion for summary judgment that will allow introduction of additional facts beyond the complaint"). When reviewing a motion to dismiss based on the affirmative defense of the statute of limitations, all factual allegations in a complaint are presumed to be true and all reasonable inferences must be made in the plaintiff's favor. *Schmitz* at ¶ 3, citing *Mitchell* at 192.

{¶ 7} "A motion to dismiss based upon a statute of limitations[, however] may be granted when the complaint shows *conclusively on its face that the action is time-barred*." (Emphasis added.) *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph three of the syllabus; *see also Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11; *Peterson v. Teodosio*, 34 Ohio St.2d 161, 162, 297 N.E.2d 113 (1973). As a general rule, a plaintiff is not required to plead with specificity to avoid application of the statute of limitations. *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6, citing *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, at ¶ 29, fn. 11. The party asserting an affirmative defense bears the burden to demonstrate the applicability of the defense before the nonmoving party's reciprocal burden arises. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus.

{¶ 8} The sole issue in this case, at this time, is whether the refiled action is precluded based on the statute of limitations or for failure to comply with Ohio's savings statute. Under R.C. 2305.10(A), an action for bodily injury arising under tort law shall be commenced within two years after the cause of action accrued. There is an exception. R.C. 2305.19, in pertinent part, provides that if the plaintiff's claims fail otherwise than on the merits, the plaintiff may "commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute

of limitations, whichever occurs later." It is the latter of the two statutes that is more relevant in light of the reassignment of the refiled case and the allegation within the body of the amended complaint reiterating the refiled nature of the action.

{¶ 9} Patton, as the party who requested affirmative relief from the trial court, bears the burden of demonstrating the basis of the motion to dismiss. He did not meet that burden, nor did he even attempt to disclose the full nature of the procedural posture of the refiled action. As Patton conceded in his motion to dismiss the amended complaint, "[plaintiff's] Amended Complaint references a prior filing *but does not reference when the prior filing was dismissed* or assert any exceptions to the statute of limitations." (Emphasis added.) Thus, according to Patton, Albert's failure to include the dismissal date and a specific reference to R.C. 2305.19 was dispositive, but he failed to undertake any inquiry into the previous action despite claiming that the underlying action was precluded under both R.C. 2305.10(A) and 2305.19. There is no requirement under Ohio law that a plaintiff must plead with specificity to avoid application of the statute of limitations or cite specific statutory sections upon which any claims are based. In the absence of any requirement for pleading with specificity to circumvent potential affirmative defenses, notice pleading suffices. Civ.R. 8(A).

{¶ 10} The amended complaint does not contain information about the dismissed filing that would permit any court to conclude that the complaint, conclusively on its face, demonstrates that the action was filed outside the yearlong grace period under R.C. 2305.19. At the least, there is a factual question presented

by the administrative reassignment of the case citing the earlier case, especially when coupled with the allegation in the complaint reasserting that same factual allegation.

{¶ 11} Patton was also aware of the dismissed CV-19-913105 action and failed to take any steps to contest the reassignment of the refiled case or disclose the dismissal date of the original action in support of his motion. Accordingly, and based on the allegation of the amended complaint, we must presume that the current action stemmed from that earlier action, which necessarily implicates the savings statute under R.C. 2305.19, otherwise the trial court lacked authority to reassign the case to the trial court under Loc.R. 15(I) and Sup.R. 36.017. *See generally Mun. Constr. Equip. Operators' Labor Council,* 8th Dist. Cuyahoga No. 96738, 2011-Ohio-5507. Without considering facts outside the record, it is impossible to determine whether the current action is precluded under R.C. 2305.10 and 2305.19 solely based on the allegations in the complaint and the limited arguments presented by Patton. Further, this is not a situation in which the complaint or the record is completely silent as to the statute of limitations or the savings statute issues, so any discussion of that narrow facet of the law is beyond the scope of our review. *See, e.g., Omobien v. Flinn*, 9th Dist. Summit No. 29841, 2021-Ohio-2096, ¶ 13.

{¶ 12} Based on a de novo review of the trial court proceedings, the trial court erred in dismissing the action. Judgment is reversed, and case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR